UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

vs.

60.20371501 Bitcoins,

        Defendant *in Rem*.

Civil Case No.

Honorable
Magistrate Judge

## Complaint for Forfeiture

Now comes plaintiff, United States of America, by and through its undersigned attorneys, and states upon information and belief in support of this Complaint for Forfeiture as follows:

### Jurisdiction and Venue

1. This is an *in rem* civil forfeiture action pursuant to 18 U.S.C. § 981(a)(1)(C), resulting from violations of 18 U.S.C. §§ 1343 and 1349.

2. This Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 because this action is being commenced by the United States of America as plaintiff.

1

3. This Court has jurisdiction over this forfeiture action pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the government's claims occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court pursuant to 28 U.S.C. § 1395(c)) because the defendant *in rem* were brought into the Eastern District of Michigan.

## Defendant *In rem*

6. The defendant *in rem* consists of 60.20371501 Bitcoins ("Defendant Bitcoins").

7. The Defendant Bitcoins were seized as proceeds of wire fraud pursuant to a search warrant executed by Special Agents of Department of Homeland Security, Homeland Security Investigations (HSI).

## Underlying Criminal Statutes

8. 18 U.S.C. § 1343 ("Wire Fraud") prohibits anyone from devising or intending to devise any scheme or artifice to defraud, or to obtain money or property by means of false or fraudulent pretenses, representations, or promises, to transmit or cause to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice.

9. 18 U.S.C. § 1349 provides that any person who attempts or conspires to commit any offense under chapter 63 (Mail Fraud and Other Fraud Offenses) shall be subject to the same penalties as those prescribed for the object of the attempt or conspiracy, including violations of 18 U.S.C. § 1343.

## Statutory Basis for Civil Forfeiture

10. 18 U.S.C. § 981(a)(1)(C) provides, in pertinent part, for the forfeiture of:

> Any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

11. 18 U.S.C. §§ 1956(c)(7) and 1961(1) define Wire Fraud as a specified unlawful activity.

## Factual Basis for Forfeiture

12. The Defendant Bitcoins are forfeitable to the United States because they are proceeds of a wire fraud scheme to steal, among other things, cryptocurrency using a cell phone SIM-swapping scheme. The facts supporting this evidentiary determination include, but are not limited to, the following:

13. Beginning in approximately 2017, and continuing through approximately May 2018, in the Eastern District of Michigan and elsewhere, a loosely organized group of individuals, collectively known to investigators as "The Community," conspired to commit online theft by means of wire fraud. A subset of The Community was dedicated specifically to the theft of cryptocurrency, such as Bitcoin, Litecoin, and Ethereum.

14. The Community engaged in "SIM Hijacking," or "SIM Swapping." This tactic enabled The Community to gain control of a victim's mobile phone number by linking that number to a subscriber identity module (SIM) card controlled by The Community – resulting in

4

the victim's phone calls and short message service (SMS) messages being routed to a device controlled by a member of The Community.

15. Once The Community had control of a victim's phone number, it was used to gain control of online accounts such as the victim's email, cloud storage, and cryptocurrency exchange accounts.

16. The conspirators would then endeavor to gain control of a victim's cryptocurrency wallet or online cryptocurrency exchange account and steal the victim's funds. Stolen funds from a successful attack were divided among members of The Community that participated in that attack.

17. In March 2018, the Canton Police Department (CPD) advised HSI that CPD had information that an individual was involved in a complex SIM-swapping scheme to steal or extort cryptocurrency and personal information from victims.

18. In May 2018, HSI Detroit initiated an investigation into The Community. During an investigation of these incidents, HSI identified an individual, identified here as CM-1, as a participant in the scheme. On May 9, 2019, HSI executed a search warrant at his residence. A Trezor device was seized pursuant during the execution of that search

warrant. A Trezor is a Bitcoin hardware wallet, a physical device used to store the cryptocurrency. CM-1 was a juvenile at the time these events occurred

19. CM-1's Trezor device contained approximately 60.20371501 Bitcoins (valued at approximately $629,854) believed to be proceeds of The Community's wire fraud conspiracy. CM-1 earned over $1,000,000 worth of cryptocurrency as a result of his fraudulent activity with The Community.

20. On August 22, 2019, CM-1 appeared for an interview with HSI at his attorney's office. During his interview, CM-1 advised there were approximately 60 Bitcoins located on the Trezor device seized from his residence. CM-1 voluntarily provided the PIN code for the Trezor and, with his attorney present, signed a Form 4607, Notice of Abandonment and Assent to Forfeiture of Prohibited or Seized Merchandize, for the approximate 60 Bitcoins.

21. CM-1 described being involved between October 2017 and February 2018 in an estimated 50 SIM swaps with Colton Jurisic, Ricky Handschumacher, Conor Freeman, and others.

22. CM-1 stated that in May 2018 he was involved in a SIM swap with Jurisic and Freeman that resulted in the theft of approximately $160,000 U.S. currency worth of cryptocurrency, and a second SIM swap with Jurisic, Freeman, and Hanschumacher resulting in the theft of approximately $6 million U.S. currency worth of cryptocurrency.

23. Jurisic, Handschumacher, and Freeman are named defendants in a criminal case in the Eastern District of Michigan, *United States v. Conor Freeman et al.*, Case No. 19-cr-20246. They were identified as members of The Community and charged with conspiracy to commit wire fraud and aggravated identify theft for the same conduct described in this Complaint. Jurisic and Handschumacher have both pleaded guilty to one count of conspiracy to commit Wire Fraud. CM-1 estimated he participated in a total of 70 to 100 SIM swaps with The Community.

24. On August 23, 2019, HSI Detroit seized the Bitcoins from CM-1 Due to the value of the Defendant Bitcoins, they cannot be forfeit through HSI's administrative forfeiture authority.

25. In addition to the previously signed Form 4607, Notice of Abandonment and Assent to Forfeiture of Prohibited or Seized

7

Merchandize, CM-1 has entered into an agreement with the United States Attorney's Office for the Eastern District of Michigan consenting to the civil judicial forfeiture of the Defendant Bitcoins.

## Claim

26. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs one through 25 above, including all their subparts.

27. Based upon the facts outlined above and the applicable law, the Defendant Bitcoins are forfeitable pursuant 18 U.S.C. § 981(a)(1)(C), as proceeds of wire fraud in violation of 18 U.S.C. §§ 1343 and 1349.

## Conclusion and Relief

WHEREFORE plaintiff respectfully requests that a warrant for arrest of the defendant *in rem* be issued; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the defendant *in rem* be condemned and forfeited to the United States of America for disposition according to law; and that the United States be granted

other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

                                                Respectfully submitted,

                                                SAIMA S. MOHSIN
                                                Acting United States Attorney

                                                <u>s/ Michael El-Zein</u>
                                                Michael El-Zein
                                                Assistant United States Attorney
                                                211 W. Fort Street, Suite 2001
                                                Detroit, MI 48226
                                                (313) 226-9770
                                                michael.el-zein@usdoj.gov
                                                P79182

Dated: July 15, 2021

## VERIFICATION

I, Mark Koch, am a Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations. I have read the foregoing Complaint for Forfeiture and assert under penalty of perjury under the laws of the United States of America that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information that I received from other law enforcement agents and/or officers.

Dated: July 15, 2021

*Mark R Koch*
Special Agent Mark Koch
Homeland Security Investigations